UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

BRANDON DIAMOND,            )
                            )
           Plaintiff,       )
                            )
      vs.                   )      No. 1:14-cv-00114-TAB-LJM
                            )
CAROLYN W. COLVIN,          )
                            )
           Defendant.       )

# ORDER ON JANUARY 13, 2015, ORAL ARGUMENT

The parties appeared by counsel January 13, 2015, for an oral argument on Plaintiff's appeal of his denial of disability benefits. Set forth below is the Magistrate Judge's ruling issued from the bench following that argument. This ruling reverses the ALJ's determination and remands this case be pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings.

THE COURT: Okay. We're back on the record. I want to thank counsel for their arguments. I will now give you my decision in this case. This appeal by Brandon Diamond raises several issues which I will restate as follows:

Number one, was the ALJ's Step 3 determination supported by substantial evidence?

Number two, did the ALJ err in failing to summon a medical advisor to determine whether Diamond medically equaled Listing 11.13 or 11.14?

Number three, did the ALJ support his RFC determination with substantial evidence?

And number four, did the appeals council err in failing to consider new and material evidence that undermined the ALJ's decision?

To address these issues, I will first briefly set forth the factual and procedural background

of this case. Diamond applied for disability benefits on June 23rd, 2010, alleging a disability onset date of September 1st, 2007. On March 28, 2012, after having his claims denied initially and upon reconsideration, Diamond attended a disability hearing.

The ALJ kept the documentary record open for 30 days after the hearing to allow Diamond additional time to supplement the medical record. On June 29, 2012, after receiving no additional medical evidence, the ALJ found Diamond to not be disabled.

At Step 1 the ALJ found that Diamond had not engaged in substantial gainful activity since the alleged onset date. At Step 2 the ALJ found Diamond suffered from two severe impairments, the first impairment being Charcot-Marie-Tooth disease and the second being Grade I spondylolisthesis. At Step 3 the ALJ found that Diamond's impairments or combination of impairments did not medically meet or equal a listing. And at Step 4 the ALJ found Diamond capable of performing the following functions:

> The claimant can lift and/or carry ten pounds occasionally and less than ten pounds frequently. He can stand and/or walk for up to a total of two hours in an eight-hour workday and can sit for up to a total of six hours in an eight-hour workday. He can occasionally climb ramps and stairs, can never climb ladders, ropes or scaffolds, and can occasionally balance, stoop, kneel, crouch and crawl.
>
> He can have frequent exposure to humidity and wetness as defined in the Selective Characteristics of Occupations. He can have frequent exposure to slippery, uneven surfaces and to high exposed places as defined in the *Selective Characteristics of Occupations*. He can perform productive work tasks for up to an average of 98 to 100 percent of an eight-hour workday, not including the typical morning, lunch and afternoon breaks. Record at 15.

The ALJ found no past relevant work, and at Step 5 the ALJ relied on a vocational expert to conclude that there were jobs in the national economy that Diamond could perform. As a result, the ALJ concluded that Diamond was not disabled from September 1st, 2007, until the date of decision.

Diamond submitted additional evidence to the appeals council to review along with the ALJ's decision. The appeals council denied Diamond's request for review. This appeal followed. In Diamond's reply brief, he submitted additional evidence of a recent Social Security disability application which found him disabled as of January 28, 2014.

In considering this appeal, the Court must uphold the ALJ's decision if substantial evidence supports his findings. *Terry versus Astrue*, 580 F.3d 471 at 475, Seventh Circuit, 2009. "The substantial evidence standard requires no more than such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Blakes versus Barnhart*, 331 F.3d 565 at 568, Seventh Circuit, 2003.

As to the first issue on appeal, Diamond asserts that the ALJ erroneously concluded that little evidence existed to substantiate the type of disorganization of motor function described in 11.04b. Diamond submits that two crucial pieces of evidence exist in the medical record to show disorganization of motor function under the listing so as to support a disability finding.

The first piece of evidence is Dr. Mehmet S. Akaydin's consultative examination report, among other things, that Diamond walked with an abnormal gait at times and complained of discomfort in the balls of both feet when walking. Diamond's argument concerning Dr. Akaydin's examination is unavailing. The ALJ acknowledges that Dr. Akaydin's examination revealed deformities in Diamond's feet but determined overall that Dr. Akaydin's examination showed that Diamond was a healthy, intact man capable of performing jobs that were relatively sedentary and sit-down-type nature. Record page 280.

Indeed, Dr. Akaydin's report noted that Diamond is extremely pleasant, polite and personable, that he appeared grossly intact and generally functional, for the most part without any potentially limiting deficits of any kind being readily noticeable at the present time. The

report went on to say that Diamond was capable of full ambulation without the need or utilization of any assistive devices. Diamond asserts that Dr. Akaydin's examination shows that Diamond's capabilities had deteriorated since his 2008 medical reports. Dr. Akaydin's examination, however, reveals little support for Diamond's assertions. The report shows that Diamond had good overall speed and stability in ambulating and had normal range of motion.

Though Dr. Akaydin deferred tandem toe/heel walk maneuvers at Diamond's request, Diamond showed no acute distress and showed only potential musculoskeletal issues at the interosseous muscles of both feet. Record at 280. Thus, the ALJ's discussion of Dr. Akaydin's examination was supported by substantial evidence and is not in error.

Diamond also asserts that the ALJ dismissed his prescription for longterm use of crutches. After acknowledging that Diamond had a prescription for crutches, the ALJ indicated that there was no medical documentation that establishes the longterm need for the devices. Record at 16. Aside from the October 31st, 2011, prescription for crutches, the ALJ found no evidence to support this prescription for longterm use.

Diamond asserts that medical documentation establishing longterm need exists in emergency room notes and radiologist Dr. Tim Lach's report that Diamond's foot has pes cavum configuration. Record, pages 315 and 317.

The ALJ acknowledged that emergency room notes reported muscular dystrophy, but the ALJ discredited these documents because there were no clinical notes attached to substantiate the impairment. As a result, the ALJ determined these notes to be less than reliable.

The ALJ also addressed Dr. Lach's pes cavum configuration finding and noted that his radiology report also found no evidence of acute fracture or dislocation, maintained joint space and reported no other acute osseous injury. Record at 16.

4

Thus, the ALJ discussed significant clinical findings that supported Diamond's allegations and found them to be insufficient to support a disability finding at Step 3. Thus, the ALJ's finding regarding the listing does not warrant an award of benefits or remand.

The next issue is whether the ALJ erred in failing to summon a medical advisor to determine whether Diamond equaled a medical listing. Diamond argues that the ALJ relied on the opinions of state agency examiners, who in turn relied on a 2010 consultative examination. However, evidence postdating this examination exists, which Diamond asserts shows that he met or equaled a listing. Diamond points to his October 2011 emergency room visit where he was prescribed crutches for longterm use, his March 2011 emergency room visit after he fell off a chair and landed on his hip, and the related X-rays.

Moreover, Diamond notes that the ALJ admitted during the hearing that he "needed a medical doctor to opine that a person medically equals a listing. That's not within my bailiwick, so that's part of the argument. I don't see anything in the record that there is such an opinion." Record at 34 through 35.

The ALJ has a duty to develop a full and fair record. *Smith versus Apfel*, 231 F.2d 433 at 437, Seventh Circuit, 2000. In this case there is convincing evidence that the medical record was insufficient to make a disability determination. Indeed, Diamond's medical record from 2007 to 2012 is a scant 67 pages, part of which includes the state agency reports.

Moreover, the ALJ by his own admission expressed concern on the completeness of the record. The ALJ indicated at the hearing that he was troubled by the fact that there was no Charcot-Marie-Tooth diagnosis to support Diamond's assertion. Record pages 35 through 36.

Likewise, the ALJ's decision noted minimal to little evidence to substantiate Diamond's claim on muscular dystrophy, no medical source statement by a treating health professional and

5

little detailed insight to the contours of Diamond's limitation. Record, pages 14, 16 and 18.

Diamond also testified at the hearing that he did not receive necessary treatment because of his finances. Record, pages 36, 48 and 55. These facts support that a medical advisor would have been helpful to the ALJ to determine whether this severe impairment met or equaled a listing. See *Thomas versus Colvin*, 745, 802 at 807 through 808, Seventh Circuit, 2014.

However, just because I believe a medical advisor would have been helpful does not mean that the ALJ was required to summon a medical advisor. It's a close call, and I don't find this to be an independent basis for remand. But as will be discussed momentarily, I do believe this case should be remanded for other reasons. And on remand the ALJ should carefully consider whether summoning a medical advisor would be appropriate.

The third issue raised is whether the ALJ supported his RFC with substantial evidence. Diamond asserts that the ALJ erroneously determined Diamond's RFC because the ALJ relied on a faulty credibility determination and failed to fully consider Diamond's foot deformity.

The ALJ found Diamond to be partially credible because Diamond's "allegedly limited daily activities [could not] be objectively verified with any reasonable degree of certainty." Record at 17. The ALJ also relied on the fact that there was a lack of medical evidence to support Diamond's allegations and concluded that Diamond's reported limited daily activities were outweighed by other factors. However, the ALJ never discussed Diamond's limited daily activities or how other factors outweighed his reported limitations.

While an ALJ's credibility determination may only be disturbed if patently wrong, the ALJ in this case failed to include specific reasons for his conclusion so that subsequent reviewers could understand the weight the ALJ gave to Diamond's daily activities and the reasons for the weight. See Social Security Ruling 96-7p and *Arnold versus Barnhart*, 473 F.3d 816 at 822,

Seventh Circuit, 2007.

More important, the ALJ failed to explore the reasons why there was a lack of medical evidence in the record. Under Social Security Ruling 96-7p, an ALJ "must not draw any inferences about an individual's symptoms and their functional effects from a failure to seek or pursue regular medical treatment without first considering any explanations the individual may provide or other information in the record that may explain infrequent or irregular medical visits or failure to seek medical treatment."

The ALJ is to determine whether there are good reasons the individual failed to seek medical treatment or failed to do so in a consistent manner. Here the ALJ found Diamond's allegations only partially credible because no reliable evidence existed to support his claims.

In making this determination, the ALJ drew a negative inference from Diamond's alleged symptoms without considering Diamond's financial situation and inability to pay for medical care, one of several justifiable reasons for inconsistent or inadequate treatment under Social Security Ruling 96-7p. The commissioner acknowledged at oral argument that the ALJ's decision does not mention plaintiff's finances.

Diamond's testimony clearly shows that he was unable to afford treatment. He explained that he takes over-the-counter pain medication for his pain only when he can afford to pay for it, that he was denied Medicaid, that he lives in an efficiency apartment with his wife because that is all they can afford, that he receives government assistance and that he has been unable to receive treatment from a doctor because of his financial situation. Record at 32, 47, 51, 52 and 55.

The ALJ did not discuss any of his testimony and did not consider whether there was a good reason why Diamond's medical record was insufficient. Thus, the ALJ's credibility

7

determination was an error, and remand is appropriate.

The commissioner's suggestion on page 13 of her brief that there is insufficient evidence that plaintiff's financial problems contributed to his lack of medical treatment is without merit. Indeed, plaintiff's reply brief, specifically at pages 9 and 10, eviscerates that argument.

The Court further notes that the ALJ gave state agency reviewers' opinions significant weight. Record at 18. And the state agency reviewers found Diamond to be credible. Record at 289 and 294. Yet the ALJ found plaintiff only to be partially credible. This tension further undercuts the ALJ's analysis.

Consequently, the Court finds that the ALJ's RFC determination is faulty. The ALJ based his RFC determination on Diamond's partial credibility and the lack of medical evidence to support Diamond's allegations. As already mentioned, this was an error, as testimony from the hearing shows that Diamond's limited medical treatment was the fault of his financial hardship.

Moreover, the ALJ's RFC determination was largely based off of a 2010 consultative examination which by the time the ALJ issued his decision in 2012 was over two years old and of limited to no use. As Diamond asserts in his brief, Charcot-Marie-Tooth disease is a deteriorating condition. Thus, it is logical that the results from a 2010 examination would likely be outdated by the time the ALJ issued his ruling two years later. This is especially true with the benefit of hindsight that Diamond was determined disabled for the purposes of Social Security less than two years after the ALJ issued his ruling. See Filing Number 19-2. Remand is therefore appropriate because the ALJ's RFC is not supported by substantial evidence.

The final issue in this appeal is whether the appeals council erred in failing to consider new and material evidence that undermined the ALJ's decision. Diamond asserts a sentence six

remand is appropriate because the appeals council's November 27, 2013, decision denying his request for review erroneously failed to consider the evidence that Diamond submitted with his request. This evidence was a November 14, 2013, examination by Dr. Jeffrey C. Hagedorn, who diagnosed Diamond with Charcot-Marie-Tooth disease and opined that Diamond had "significant foot and leg problems from neuropathy of the disease." Filing Number 13-1.

However, the appeals council's decision did not list this exhibit as evidence it considered upon review. The only exhibit it listed was Diamond's brief to the appeals council, and the appeals council decision noted that "this information [did] not provide a basis for changing the [ALJ's] decision." Record, pages 251 through 253. Diamond sent this additional evidence to the appeals council via certified mail and attached to his brief a receipt showing that the exhibit was received by the appeals council on November 18, 2013. Filing Number 13-1 at EFC page 1.

There are limited circumstances upon which the Court may review the appeals council's decision under *Farrell versus Astrue*, 692 F.3d 797, Seventh Circuit, 2012. Here, like in *Farrell*, the appeals council only explained that the information provided no basis for changing the ALJ's decision without explaining the basis for the decision or the evidence that the appeals council considered. *Farrell*, 692 F.3d at 771. Thus, the appeals council's decision is reviewable.

The Court reviews the appeals council's decision under a *de novo* standard. Under agency regulations, the appeals council must consider new and material evidence that relates to the period on or before the date of the ALJ's hearing decision. The parties agree that this evidence is new, relates back to the period of the ALJ's hearing decision, and that there is good cause for not having submitted the evidence earlier.

However, the commissioner argues that such information is not material because it does not bridge the requisite evidentiary gap in the ALJ's decision that would result in the ALJ

9

arriving at a different conclusion. This is because the evidence diagnoses Diamond with Charcot-Marie-Tooth disease, which the ALJ's decision admitted exists and labeled a severe impairment.

Moreover, the evidence includes "a prescription pad note indicating that plaintiff has significant foot and leg problems from neuropathy of Charcot-Marie-Tooth disease," which the ALJ already accounted for by assigning highly restrictive limitations to the range of sedentary work Diamond could perform. Moreover, a diagnosis of a deformity does not necessarily mean a claimant is disabled for Social Security purposes. *Osborn versus Colvin*, Number 1:12-CV-1375-JMS-DML, 2013, Westlaw 5274255 at page four, Southern District of Indiana, September 18, 2013.

Diamond, however, asserts that this evidence is material as it is specific and specialized treatment that the ALJ continually referenced was lacking to substantiate plaintiff's claim for disability. Diamond argues that this new evidence further supports Diamond's need for crutches and therefore justifies a finding of Step 3 or, in the alternative, proper consideration of his foot deformity with regard to the RFC.

Indeed, the ALJ erroneously discredited Diamond's testimony because there was no independent diagnosis to support his allegations. See the record at page 16 where the ALJ found Diamond's assertions unpersuasive. "Given the medical evidence, indeed, it bears noting that while the claimant asserts he endures difficulties due to a form of muscular dystrophy, there is no reliable freestanding or independent diagnosis to present in the records that establishes the presence of this impairment."

The evidence Diamond submitted to the appeals council provides an independent diagnosis of Charcot-Marie-Tooth disease and supports Diamond's testimony that he has

problems with his feet. The additional evidence submitted to the appeals council bridges an evidentiary gap in the record and thus is material. On remand the ALJ must consider this additional evidence.

In conclusion, I find that the ALJ's Step 3 determination was supported by substantial evidence. I also find that it was within the ALJ's discretion not to summon a medical advisor, even though I think a medical advisor would have been helpful. However, I find that the ALJ's RFC determination is not supported by substantial evidence, and thus remand is appropriate.

Finally, I find that on remand the ALJ must consider the new and material evidence Diamond submitted to the appeals council. On remand the ALJ may also wish to consider summoning a medical advisor. That would seem to me to make good sense.

For these reasons, I will order a sentence four remand. I will have a court reporter transcribe this portion of the record that sets forth this ruling. I will then file it with a separate judgment, and any appeal will run from the time that judgment is filed.

Thank you very much.

Dated: 1/23/2015

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

Adriana Maria de la Torre
THE DE LA TORRE LAW OFFICE LLC
adriana@dltlawoffice.com

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov